"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 07-7532 AN<br><br>ORDER REVERSING AND<br>REMANDING DECISION OF<br>COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues in the Joint Stipulation ("JS").[1]

### **Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of her treating physician, Dr. Hamid Rahman. (JS 8.) On March 19, 2002, Dr. Rahman opined, *inter alia*, that Plaintiff could continuously sit and stand for 15 to 30 minutes at a time up to less than 2 hours per 8-hour work day, needed to walk around every 15 minutes, could not lift 10 pounds, could use her hands only 15% of the time and could not use her fingers or arms at all. (AR 309-312.)

///

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) *citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). To reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so. *Andrews*, 53 F.3d 1035, 1041 (9th Cir. 1995), *citing Magallanes*, 881 F.2d at 751; *Montijo v. Secretary of Health & Human Servs.*, 729 F.2d 599, 601 (9th Cir. 1984). Even if the treating physician's opinion is contradicted, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

Dr. Rahman's opinions were contradicted by Dr. Laurence Meltzer, who did not examine Plaintiff until April 28, 2005. (AR 313-318.) The ALJ explains that he rejected Dr. Rahman's opinions because they were "inconsistent with the totality of the medical evidence as well as the testimony of the medical expert at the hearing." (AR 24.)[2] These reasons do not constitute specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physician. "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required . . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988). The ALJ's finding that Dr. Rahman's opinions were "inconsistent with the totality of the medical evidence" was not sufficiently specific.

The ALJ also stated Dr. Rahman's opinions were inconsistent with the testimony

---

[2] The Commissioner asserts the ALJ also relied "explicitly" on the opinions of Dr. Meltzer, however, a careful review of the ALJ's decision shows the ALJ only briefly discussed the opinions of Dr. Meltzer. The ALJ did not rely on the opinions of Dr. Meltzer to reject the opinions of Dr. Rahman. (AR 24.)

of the medical expert. The opinion of the medical expert, who did not examine Plaintiff, does not constitute a proper basis for rejecting the opinions of Dr. Rahman. *See Lester*, 81 F.3d at 831 (opinion of non-examining physician, by itself, does not constitute substantial evidence justifying rejection of opinion of either treating or examining physician).

The ALJ also stated the opinions of Dr. Rahman were "based solely on [Plaintiff's] subjective complaints of neck and knee pain, low back pain and depression and anxiety." This finding is not supported by the record. Dr. Rahman's opinions are set forth in a Residual Functional Capacity Questionnaire. (AR 306-312.) Dr. Rahman wrote in the space provided for "Clinical findings," "Multiple: neck, back, knee pain, headache." These are merely subjective complaints, however, Dr. Rahman also identified on the Questionnaire the following positive signs: over 50% loss of range of motion, bilateral decreased straight leg raising, muscle spasm, reflex changes, crepitus, muscle weakness, abnormal gait, sensory loss, tenderness, muscle atrophy gastritis, impaired appetite, and impaired sleep. (AR 307.) These are objective findings, not subjective complaints, which formed the bases of Dr. Rahman's opinion. The ALJ's reason for rejecting Dr. Rahman's opinions for this reason is not supported by the record.

The ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Dr. Rahman, Plaintiff's treating physician. This case is remanded to the Commissioner for further findings regarding the opinions of Dr. Rahman.

### **Issue #2**

Plaintiff contends the ALJ improperly rejected Plaintiff's subjective symptom testimony. (AR 12.) A plaintiff who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *See Cotton v. Bowen*, 799 F.2d 1403, 1407-08 (9th Cir. 1986); *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The *Cotton* test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven

1  phenomenon. The plaintiff only needs to show that the impairment could reasonably
2  have caused some degree of the symptom. *See Howard v. Heckler*, 782 F.2d 1484, 1488
3  (9th Cir. 1986) (noting that the Ninth Circuit has "never required that the medical
4  evidence identify an impairment that would make the pain inevitable"). Once the plaintiff
5  has satisfied the *Cotton* test and there is no evidence of malingering, the ALJ may reject
6  the plaintiff's testimony regarding the severity of her symptoms only if he or she makes
7  specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80
8  F.3d 1273, 1281 (9th Cir. 1996), *citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.
9  1993). The Commissioner's findings, properly supported by the record, must be
10 sufficiently specific to allow a reviewing court to conclude that the Commissioner
11 rejected plaintiff's testimony on permissible grounds and did not arbitrarily discredit
12 plaintiff's testimony regarding pain. *Bunnell*, 947 F.2d at 345-46.

13     Here, the ALJ rejected Plaintiff's credibility because (1) Plaintiff "changed her
14 testimony concerning whether she was right or left handed," and (2) "the evidence of
15 record documents histrionic personality features and a tendency to exaggerate as noted
16 by Dr. Meltzer." (AR 24.) A review of the transcripts for Plaintiff's hearings shows that
17 she consistently testified that she was left-handed and that she was not inconsistent on
18 this point as the ALJ erroneously found. (AR 516, 562.) Accordingly, this does not
19 constitute a proper basis for rejecting Plaintiff's credibility.

20     In contrast, the ALJ's second reason for rejecting Plaintiff's credibility is supported
21 by the record. On April 25, 2008, Dr. Meltzer examined Plaintiff and noted that Plaintiff
22 exaggerated her left knee and walking problems. (AR 315.) Plaintiff's history of
23 exaggerating her symptoms constitutes a valid reason for rejecting her credibility. The
24 ALJ properly rejected Plaintiff's credibility.
25 ///
26 ///
27
28

**Conclusion**

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanded for further proceedings regarding Plaintiff's alleged mental impairments and subjective symptoms consistent with this Order.

DATED: August 26, 2008              /s/  Arthur Nakazato
                                          ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE